BANKS GRIFFITH & SON v. C. W. HAHL & CO. ET AL.

Decided May 25, 1910.

**Contract—Fraud or Mistake—Cancellation.**

Where a contract for the sale of land describes other land than that actually pointed out to and inspected by the prospective purchaser or his agent, and the purchaser was induced to enter into the contract by reason of the superior quality of the land pointed out, it is immaterial whether the pointing out of different land was done through fraud or mistake; the contract can not in either case be enforced by the seller against the buyer.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Fisher & Sears* and *W. N. Foster,* for appellant.

*L. B. Moody* and *L. A. Kottwitz,* for appellees.

JAMES, CHIEF JUSTICE.—The suit is by appellants to enforce specific performance of a contract of sale of certain real and personal property, plaintiffs, as vendors, tendering deeds as in compliance with the contract on their part.

One defendant, the Houston National Bank, did not answer. Defendants C. W. Hahl & Co. and the members of such firm, C. W. Hahl and F. A. Connable, answered: That the execution of the contract was induced by fraud and misrepresentation of plaintiffs and their agents; that one, Smith, and W. U. Foster acted for plaintiffs in pointing out the land for inspection by defendants' agent, M. J. Snively; that they pointed out to him land not owned by plaintiffs, representing it to be plaintiffs' land and the land contemplated; that the land so pointed out to defendants' agent was far more valuable than the land embraced in the contract, and was more thickly covered by desirable and merchantable timber than that embraced in the contract; that the timber on the land so pointed out was more valuable than the timber on the land contracted for; that by such misrepresentations by which defendants were led to believe plaintiffs' property was more valuable than it really was, defendants were induced to execute the contract sued on; that the land as described in the contract was other and different land from the land inspected by defendants' agent, to whom said representations were made.

Defendants also pleaded in detail a number of objections to the title, alleging that the title was not such as was provided for in the contract, to wit: an abstract showing "a good record title." They also pleaded in reconvention for damages sustained by the failure of plaintiffs to convey according to their contract.

By supplemental petition, plaintiffs pleaded a general denial, and also pleaded that defendants had waived any objections they may have had to the time of delivery of abstracts by accepting them when they were delivered, and causing plaintiffs to incur expenses thereafter; and answered otherwise, in reference to the objections raised as to the title, and denied the allegations of the cross-action.

The case was tried by the judge, who gave judgment that plaintiffs take nothing, and that defendants take nothing on their cross-action, and that defendants have judgment against the Houston National Bank as stakeholder for the sum of $1000, the amount of the earnest money.

The court made findings of fact which, though stated in moderate and inoffensive terms, were in substance that the representatives of the defendants who inspected the property prior to the taking of the contract were shown for the most part, land not included within the terms of the contract. The findings of the judge, as we construe them, amount to the conclusion from the evidence that there was material misrepresentation by plaintiffs' agents showing other land to defendants' inspector in the negotiations preliminary to the making of the contract, which led defendants to enter into the contract.

The court, in its conclusions states, that it was not intended to be found that either plaintiffs or their counsel designedly misled defendants, or knowingly, did any improper thing. The effect upon defendants from having different land shown to their inspector, where such act induced the contract, would be the same, whether done designedly or otherwise. New York & Tex. Land Co. v. Gardner, 25 S. W., 737.

An examination of the testimony leads us to conclude, as a fact, that the judge's finding was supported by testimony. Upon this alone, the judgment of the District Court may rest. On the subject of "good record title," which becomes an immaterial one, we would be inclined to hold that the title offered was such. The judgment is affirmed.

*Affirmed.*